# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY L. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-84-JHP-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Kathy L. Lewis requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering

h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 12, 1964, and was forty-eight years old at the time of the administrative hearing (Tr. 35). She completed high school and two years of college, and has worked as a hardware sales representative (Tr. 23, 165). The claimant alleges she has been unable to work since an amended onset date of July 8, 2012, due to morbid obesity, severe degenerative disc disease, arthritis, spinal stenosis, and scoliosis (Tr. 29, 164).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on May 24, 2012. Her application was denied. ALJ Bernard Porter conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated October 24, 2013 (Tr. 11-25). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform a range of light work as defined by 20 C.F.R. § 404.1567(b), *i. e.*, she can lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk/sit six hours in an eight-hour

workday with a required sit/stand option to allow for a change in position at least every thirty minutes due to symptoms from her knees and back. Additionally, the ALJ determined that the claimant could only occasionally climb stairs and ramps; never climb ladders, scaffolds, or ropes, or perform any crawling; cannot work at unprotected heights, around moving mechanical parts, in environments with temperature extremes, and exposure to dust, fumes, gases, and wetness; but that her time off tasks would be accommodated by normal breaks. Finally, he found that she could only occasionally handle, finger, and feel due to neuropathy of upper extremities and carpal tunnel syndrome (Tr. 15). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work that she could perform, *i. e.*, furniture rental consultant, call out operator, and election clerk (Tr. 24).

**Review**

The claimant's sole contention of error is that the ALJ failed to properly assess the medical opinion of her treating physician, Dr. William J. Hayes. The undersigned Magistrate Judge finds that the ALJ did fail to properly analyze this physician's opinion, and the Commissioner's decision should therefore be reversed.

The ALJ determined that the claimant had the severe impairments of carpal tunnel syndrome, neuropathy of the upper extremities, lumbar disc disease, hypertension, obesity, degenerative joint disease of the knees, and gastroesophageal reflux disease (Tr. 13). Treatment notes from Dr. Hayes reflect that in September 2011 (prior to the alleged onset date), the claimant reported worsening knee pain for a year, and was

assessed with degenerative joint disease of the knees and hypertension (Tr. 253). Additional treatment notes reflect that he treated the claimant for lumbosacral neuritis and obesity (Tr. 258). A March 2012 MRI of her lumbar spine revealed multilevel disc herniations and protrusions, a scoliotic curvature, and moderate to severe right neural foraminal stenosis L4-5 and L5-S1 due to the combination of facet hypertrophy and disc disease along with scoliosis (Tr. 274). In September 2012, the claimant reported that her pain had been better after she quit her job, but that she continued to have increased pain with most activity (Tr. 283). On October 30, 2012, Dr. Hayes prepared a letter stating that he was treating the claimant for degenerative lumbar spine disease, osteoarthritis of the knees, hypertension, and hyperlipidemia, and that she was "unable to maintain meaningful employment at this time and should be considered disabled for the purpose of obtaining commodities assistance" (Tr. 305). By December 2012, Dr. Hayes had noted the claimant continued to have back and knee pain, and had more trouble with neuropathic symptoms in the hands and wrists, due to carpal tunnel syndrome. Additionally, he noted that her grip strength had weakened (Tr. 276). On May 30, 2013, Dr. Hayes drafted a second letter stating that he was treating her for hypertension, hyperlipidemia, obesity, degenerative joint disease of the knees, degenerative joint disease of the lumbar spine, esophageal reflux, squamous cell carcinoma of the scalp, and carpal tunnel syndrome neuropathy (Tr. 306). Noting that she was in the process of applying for disability insurance benefits, he stated that he was "[u]nfortunately" unable to provide a Medical Source Statement (MSS) because that was the policy of the clinic (Tr. 306).

Dr. Hayes referred the claimant to neurosurgeon Shawn Moore, M.D., who assessed her with diffuse degenerative disc disease and mild neural foraminal stenosis, and stated that she was most likely symptomatic from her diffuse degenerative disk disease and mild scoliosis (Tr. 249-250). He did not recommend surgical intervention because it would require multilevel fusion and instrumentation but would not likely improve her pain in light of the diffuse degenerative findings and her obesity (Tr. 250). He recommended aggressive weight loss measures, physical therapy, and a series of facet injections (Tr. 250).

There was no consultative examination performed in this case, but state reviewing physicians determined in August 2012 and November 2012 that the claimant could perform light work, with some occasional postural limitations (Tr. 75-76, 85-87). Both reviewers gave the claimant partial credibility for her allegations, but Dr. Hayes's October 2012 letter was not mentioned (Tr. 75-76, 85-87).

In his written opinion, the ALJ summarized the claimant's hearing testimony and much of the medical evidence in the record. He specifically recited most of Dr. Hayes's treatment note findings and prescriptions, as well as the MRI results and Dr. Moore's assessment (Tr. 18-21). He noted Dr. Hayes's May 2013 letter stating that he could not complete an MSS, but made no mention of his October 2012 letter in which he stated he believed the claimant was disabled (Tr. 21). He then stated that he had given "weight" to Dr. Hayes's opinion, but that Dr. Hayes "never stated that the claimant had any restrictions or limitations stemming from her various impairments" (Tr. 23). Despite the MRI documenting severe diffuse degenerative disc disease, he further made findings that

if the claimant adhered to a weight loss regimen, her back and knee pain would be "alleviate[d] if not altogether eliminate[d]," and noted there was no record that the claimant had begun a weight loss program (Tr. 22). The ALJ stated that the claimant had been told weight loss would alleviate much of her pain (Tr. 22), but the records cited do not actually reflect such a communication to the claimant, only that she was encouraged to lose weight on a number of occasions (Tr. 250, 258, 278). The ALJ further used these purported records in support of finding the claimant "not entirely credible" (Tr. 22)

Medical opinions from a treating physician are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by analyzing the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ 404.1527 and 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the

area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-1301, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally, if the ALJ decides to reject a treating physician's opinions entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300 [quotation omitted].

The ALJ was required to evaluate for controlling weight any opinions as to the claimant's functional limitations expressed by his treating physicians. Although the ALJ noted the proper analysis at the outset of step four, he failed to properly apply it when he ignored the evidence in the record as to the claimant's continued treatment for her back and knee pain, and carpal tunnel. In his written opinion, the ALJ gave Dr. Hayes's opinion "weight," but completely ignored his statement that the claimant could not maintain meaningful employment in light of her impairments (Tr. 23).

It is true that an ALJ is not required to give controlling weight to an opinion that the claimant could not return to work, *see, e. g.,* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), but he *is required* to determine the proper weight to give that opinion by applying the factors in 20 C.F.R. § 404.1527, specifically in relation to functional

limitations. Instead, the ALJ ignored the evidence entirely. *See Langley,* 373 F.3d at 1119. *See also Miller v. Barnhart*, 43 Fed. Appx. 200, 204 (10th Cir. 2002); Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."). This error is particularly problematic because he was the only physician who actually examined the claimant and provided an opinion. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F2d 382, 385-386 (7th Cir. 1984).

Moreover, the ALJ's unsubstantiated conclusion that the claimant's pain would be alleviated if she would lose weight was an improper substitution of his own personal opinion for that of a licensed physician. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 743 (10th Cir. 1993) *and Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987).

Because the ALJ refused to discuss probative evidence inconsistent with his RFC determination, the undersigned Magistrate Judge finds he did not properly consider it. Consequently, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further proper analysis of the claimant's RFC in light of *all* the claimant's impairments. If on remand there is any adjustment to the claimant's RFC, the

ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**