# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY L. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-84-JHP-SPS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees in the amount of $4,943.40 and costs in the amount of $400, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21] and Plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 24]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the undersigned Magistrate Judge recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that the Plaintiff be awarded the requested fees and costs under the EAJA as the prevailing party herein.

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

On appeal, the Plaintiff's sole contention of error was that the ALJ improperly assessed a treating physician opinion, and this Court agreed, reversing and remanding based on this argument. The Commissioner's response to the present motion for fees under the EAJA asserts that her position was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law, essentially restating the arguments made in the Response Brief. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The undersigned Magistrate Judge disagrees. Here, the Court found that the ALJ did not account for a treating physician opinion, and the Commissioner now attempts to argue that this admitted error was harmless. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1170 (10th Cir. 2007) (""[O]nce and EAJA application is filed, the government is on notice, based on the plain language of the statute, that it must justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation."); *Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the

Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). Although the Commissioner may have provided a reasonable *post hoc* basis for the ALJ's assessment of the state reviewing physician opinion on appeal, the ALJ did not do so in the first instance. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett*, 475 F.3d at 1174 ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf,* 277 F.3d 1156, 1159 (9th Cir. 2002).

The undersigned Magistrate Judge therefore finds that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal

her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21] be deemed MOOT and that Plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 24] be GRANTED, and that the Court award attorney's fees in the amount of $4,943.40 and costs in the amount of $400.00 as the prevailing party herein.  The undersigned Magistrate Judge notes that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986). Any objection to this Report and Recommendation must be filed within fourteen days. *See* Federal R. Civ. P. 72(b)(2).

**IT IS SO ORDERED** this 21st day of March, 2017.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma